UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF QUINTESSENCE
YACHTS UK LTD, AS OWNER, OF THAT
CERTAIN 37 FOOT QUINTESSENCE AM37,
ITS ENGINES, TACKLES, APPURTENANCES,
EQUIPMENT, ETC., IN A CAUSE OF
EXONERATION FROM OR LIMITATION
OF LIABILITY

CASE NO.: 1:18-CV-21484

Petitioner.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND CLAIM OF KENNETH DENCER JR.

Claimant, Kenneth Dencer Jr., by and through undersigned counsel, hereby answers the Amended Complaint for Exoneration from or Limitation of Liability (D.E. 6) as follows:

## JURISDICTION, PARTIES AND VENUE

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Without knowledge, therefore, denied.

4. Without knowledge, therefore, denied.

5. Admitted for jurisdictional purposes only.

6. Admitted.

7. Admitted.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Admitted.

14. Admitted to the extent that D.E. 5 reflects a deposit in the form of a surety bond.  Claimant is without knowledge as to the remainder of this paragraph.

Anything not specifically admitted herein is denied and Claimant reserves the right to seek leave to amend, especially to correct any scrivener's or other error.

## AFFIRMATIVE DEFENSES

1. Any allegation of Petitioner's Amended Complaint not expressly admitted above is hereby denied.

2. The injuries sustained by Claimant Kenneth Dencer Jr. were the sole and proximate cause of the unseaworthiness of the vessel and/or the negligence of the Petitioner, Petitioner's owner, or anyone Petitioner was responsible for, that was operating the vessel at the time of the incident and caused Claimant to suffer injury.

3. The Limitation of Liability Act, 46 U.S.C. §3501, et seq., is inapplicable to the Petitioner's vessel because the operator of the vessel was the owner of the vessel or someone that the Petitioner is responsible for at the time of the incident and the negligence and omissions of the Petitioner were within the Petitioner's complete privity and knowledge.  Thus, petitioner is not entitled to exoneration per In re Complaint of Sheen, 709 F. Supp. 1123 (S.D. Fla. 1989).

4. That the Limitation of Liability Act, 46 U.S.C. §3501 is inapplicable to the Petitioner's vessel and the instant accident upon determination that an owner, operator, and/or employee in the proper standing was on the vessel at the time of the injury.

5. Petitioner has failed to sufficiently deposit with the Court a sum equal to the amount of value (or approved security therefor) its interest in the limitation vessel,

including its appurtenances and pending freight, and has alternatively failed to transfer to the Court his interest therein in violation of Rule F(1).  Specifically, Claimant states that this is the case because the value of the vessel is higher than what is alleged by the Petitioner.

6. That the Petitioner, who had written notice of the instant matter by or before their counsel's letter dated July 17, 2017 which refers to "Claimaint: Kenneth Dencer", did not bring this claim "within six months after a [Claimant] shall have given to or filed with such owner written notice of claim receiving notice of Claimant's potential claim" per 46 U.S.C.S. § 185.  That the instant matter was filed on or about April 13, 2018.  While this limitation may not apply to affirmative defenses raised in response to a prayer for relief, it should bar the instant action.  Sana v. Hawaiian Cruises, 961 F.Supp. 236, (D.Haw. 1997).

7. That this matter should be remanded to State Court where an action is pending in the 11th Judicial Circuit Court bearing the case Number 2017-029859-CA-15 where a notice of stay has been filed because the Petitioner failed to file the instant limitation action within 6 months of receiving written notice.   See Vatican Shrimp Co., Inc., v. Solis, 820 F.2d 674 (5th Cir. 1987).

8. That, if Plaintiff is the lone claimant who files an action seeking a recovery in excess of the limitation fund and Claimant concedes to the exclusive admiralty jurisdiction to decide all issues related to limited liability if petitioners were found liable in the state court, claimant's state court action (Miami-Dade Case No. 2017-029859-CA-15 ) should proceed.  See In re Adventurent, Inc., 772 F. Supp. 1250 (M.D. Fla. 1991).

9. Claimant reserves the right to amend his affirmative defenses as more facts become known through discovery.

**CLAIM FOR DAMAGES**

Claimant, Kenneth Dencer Jr., hereby brings this claim for personal injuries against

QUINTESSENCE YACHTS UK LTD (hereinafter "QUINTESSENCE") and ASTON MARTIN LAGONDA OF NORTH AMERICA (hereinafter "ASTON MARTIN") and states as follows:

1. This is an action for negligence arising out of an incident that occurred on February 23, 2017 involving the vessel owned by QUINTESSENCE YACHTS UK LTD.

## Jurisdiction and Parties

2. This case falls within diversity jurisdiction of this Court; the amount in controversy exceeds $75,000 and the Plaintiff and Defendants are diverse in citizenship pursuant to 28 U.S.C. 1332(a)(2).

3. This case also falls within the jurisdiction of this Court pursuant to 28 U.S.C. 1333 and is brought "at law" pursuant to the "savings to suitors" clause of that section.

4. Venue for maritime claims is proper pursuant to Federal Rules of Civil Procedure.

5. Claimant Kenneth Dencer Jr. is a resident of Miami-Dade County, Florida and was severely injured in the incident giving rise to this lawsuit and the incident took place in Miami-Dade County, Florida.

6. The Defendant QUINTESSENCE YACHTS UK LTD (hereinafter "QUINTESSENCE") is a Foreign Corporation and owner of the vessel from which this claim arises.

8. The Defendant ASTON MARTIN LAGONDA OF NORTH AMERICA, INC. (hereinafter "ASTON MARTIN") is a Foreign Profit Corporation doing business in Miami-Dade County, Florida and is subject to the jurisdiction of this Court.

**Facts Giving Rise to the Claim**

9. Kenneth Dencer Jr., on February 23, 2017 boarded a vessel that was being promoted at Yacht Miami Beach an event operated by Yachting Promotions.

10. That vessel was owned by QUINTESSENCE.

11. That vessel was manufactured by QUINTESSENCE in conjunction with ASTON MARTIN.

12. While on a test ride on the vessel on the navigable waters of the United States in and around Miami, Beach, Miami-Dade County, Florida, Claimant Kenneth Dencer Jr. was caused to fall because of the negligent acts of the Defendants. As a result of the fall, Kenneth Dencer Jr. was injured.

**COUNT I – NEGLIGENT OPERATION OF THE VESSEL BY QUINTESSENCE WITHIN ITS PRIVITY OR KNOWLEDGE**

13. Claimant realleges paragraphs 1 through 12 above as though fully set forth herein.

14. At all material times hereto, QUINTESSENCE, by and through its owners, operators, employees, agents, assigns, company representatives, and/or persons who were in control of the subject vessel and had a duty to exercise reasonable care for the safety of its passengers, including Claimant Kenneth Dencer Jr., and avoid subjecting them to injury.

15. QUINTESSENCE, through its owners, operators, and/or persons it is responsible for, breached this duty and was negligent in the operation of the vessel by:

    a. failing to operate the vessel at a safe speed;

    b. failing to properly control the vessel;

    c. failing to adhere to boating laws and regulations;

    d. failing to identify and avoid hazards while captaining the vessel;

      e.    failing to pay attention while captaining the boat;

      f.    failing to warn its passengers on the boat of an impending hazard;

      g.    failing to maintain the vessel in a reasonably safe condition

16.    As a direct and proximate result of Defendant QUINTESSENCE's commission of one or more of the negligent acts or omissions set forth above in Paragraph 15 (a.-g.), as aforesaid, the Claimant Kenneth Dencer Jr. suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

### COUNT II—NEGLIGENCE AGAINST ASTON MARTIN

17.    Claimant realleges paragraphs 1 through 16 above as though fully set forth herein.

18.    At all material times hereto, ASTON MARTIN, by and through its owners, operators, employees, agents, assigns, company representatives, QUINTESSENCE, and/or persons were in control of the subject vessel and had a duty to exercise reasonable care for the safety of its passengers, including Claimant Kenneth Dencer Jr., and avoid subjecting them to injury.

19.    ASTON MARTIN, through its owners, operators, and/or persons it is responsible for, breached this duty and was negligent in the operation of the vessel by:

      a.    failing to operate the vessel at a safe speed;

      b.    failing to properly control the vessel;

      c.    failing to adhere to boating laws and regulations;

      d.    failing to identify and avoid hazards while captaining the vessel;

  e.  failing to pay attention while captaining the boat;

  f.  failing to warn its passengers on the boat of an impending hazard;

  g.  failing to maintain the vessel in a reasonably safe condition

  20.  As a direct and proximate result of Defendant ASTON MARTIN'S commission of one or more of the negligent acts or omissions set forth above in Paragraph 19 (a.-g.), as aforesaid, the Claimant Kenneth Dencer Jr. suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

  WHEREFORE, the Plaintiff demands judgment for damages against the Defendants QUINTESSENCE YACHTS UK LTD and ASTON MARTIN LAGONDA OF NORTH AMERICA, INC costs of this action, and such other further equitable and legal relief as this Court may deem appropriate, and furthermore demand trial by jury of all issues so triable as of right by jury.

## **VERIFICATION**

  I, Johan Wolfson, Esq., declare that I am authorized to verify and file this Answer, Affirmative Defenses, and Claim of Kenneth Dencer Jr. and that the contents of Claimant's Claim are true and correct to the best of my knowledge formed after a reasonable inquiry under the circumstances.

                /s/ Jonah M. Wolfson
                _____
                JONAH M. WOLFSON, ESQ.

Case 1:18-cv-21484-JAL   Document 11   Entered on FLSD Docket 06/29/2018   Page 8 of 8

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served this 29th day of June, 2018 to Jules Massee, Esq. Hamilton, Miller & Birthisel, LLP, 100 S. Ashley Drive, Suite 1210, Tampa, FL 33602 to CBBserve@hamiltonmillerlaw.com.

        WOLFSON LAW FIRM, LLP
        Attorneys for Kenneth Dencer Jr.
        3399 S.W. 3rd Avenue
        Miami, FL 33145
        Telephone (305) 285-1115
        Facsimile (305) 285-1608
        eservice@wolfsonlawfirm.com

          /s/ Jonah M. Wolfson
By: _____
    JONAH M. WOLFSON, ESQ.
    FLA. BAR NO. 498130